**Manuel Beltran and Anna Beltran, Appellees, v. Frank Kostka, Appellant.**

**Gen. No. 51,397.**

First District, Fourth Division.

July 17, 1968.

Julius Lucius Echeles, of Chicago, for appellant.

Leonard S. Whitcup and Edward M. Fiala, Jr., of Chicago, for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

Defendant appeals from that part of a Circuit Court order which directs him to execute and deliver to plaintiffs a release of a trust deed securing plaintiffs' note to defendant in the amount of $6,310.

The record in this court consists of the pleadings and order only, there being no report of proceedings.

Plaintiffs' complaint recites a transaction between the parties whereby plaintiffs purchased certain real estate from defendant. The consummation of the sale included delivery to defendant of plaintiffs' note secured by the trust deed referred to above. Plaintiffs claim that over the years they have now paid $1,880 more than they should have on this note. The complaint therefore prays that the note be cancelled (though it does not ask for release of the trust deed), and that plaintiffs have judgment for the amount of the overpayment.

Defendant's answer denies the essential parts of plaintiffs' complaint. He also filed a counterclaim in which he alleges that plaintiffs still owe $2,694 plus interest on the note, and prays judgment therefor. Plaintiffs answered the counterclaim with denials.

After a full hearing, the trial court entered an order which dismissed for want of equity both the complaint and the counterclaim. In addition, the court ordered defendant to release the trust deed, and it is only from this part of the order that appeal has been taken. No cross-appeal was filed.

Defendant contends that the order on him to release the trust deed is inconsistent with the dismissal of plaintiffs' complaint for want of equity, which it is.* It is also argued that when the complaint was disposed of by dismissal, there remained no pleading to support the order in question. With this we also agree, and therefore conclude that the part of the order which is the subject of this appeal must be reversed.

Plaintiffs argue that the order directing release of the trust deed should be affirmed since it is consistent with the order dismissing defendant's counterclaim, which it is. If the entire order were here on appeal (and with a complete record), we would be disposed to modify this confused and confusing result, or remand the cause to the trial court for such purpose. Under the circumstances, however, we are unable to do so because the two orders of dismissal have become final and are not before us.

That part of the Circuit Court's order directing release of the trust deed in question is reversed.

Reversed.

McCORMICK, P. J. and DRUCKER, J., concur.

---

* We note that by dismissing the complaint for want of equity, the court in effect denied plaintiffs' prayer for cancellation of the note. Thus, the result of the trial court's order would be not to extinguish the debt as evidenced by the note, but only to release the security.